# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

NOVASTAR MORTGAGE, INC.,

    Plaintiff,

v.

ROBERT A. HAVLIN AKA ROBERT
ALLEN HAVLIN, et al.,

    Defendants.

CASE NO. 5:07-cv-1467

DISTRICT JUDGE SARA LIOI

**JUDGMENT ENTRY AND**
**DECREE IN FORECLOSURE**

---

UNITED STATES DISTRICT JUDGE SARA LIOI

    This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment.

The real property that is the subject of this foreclosure action (the "Property") is as follows:

Situated in the City of Alliance, County of Stark and State of Ohio: and known as and being Lots Number Seven Thousand One Hundred Fifty-Three (7153) and Seven Thousand One Hundred Fifty-Four (7154) as the same are marked, numbered and distinguished on the recorded plats of said City of Alliance on file in the Office of the Stark County Recorder at Canton, Ohio.

Parcel No. 0110159
Property is commonly known as: 1650 Liberty Avenue S, Alliance, OH 44601

    The Clerk's Entry of Default is properly reflected on the Pacer docket.  In response to the Motion for Default Judgment, the Court finds that Robert A. Havlin aka Robert Allen Havlin, Darlene J. Havlin and Washington Mutual Bank successor in interest to Homeside Lending, Inc. has been served with a summons and Complaint but are in default for failure to file an Answer or other responsive pleading.  As a result, with respect to such defendants, the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of the Plaintiff for the relief sought by the Plaintiff in its Complaint.

The Court finds that Robert A. Havlin aka Robert Allen Havlin and Darlene J. Havlin executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that Robert A. Havlin aka Robert Allen Havlin and Darlene J. Havlin executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made.  The Court finds that the conditions of the Mortgage have been broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court finds that there is due and owing on the Note to the Plaintiff against Robert A. Havlin aka Robert Allen Havlin and Darlene J. Havlin in the amount of $77,921.73, plus interest on the principal amount due at the rate of 10.75% per annum from January 1, 2007. .

The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a results, the Court hereby enters judgment for the amount due on the note against Robert A. Havlin aka Robert Allen Havlin and Darlene J. Havlin.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property.  That the Mortgage was filed for record on May 28, 2004 as Instrument Number Instrument Number 200405280038161 in the Cuyahoga County Recorder's Office; [that the Mortgage, together with the Note, was assigned to Plaintiff by an Assignment of Mortgage filed for record on May 22, 2007 as Instrument Number 200705220027901 of the Cuyahoga County Recorder's Office;] The Court finds that the parties to the Mortgage intended that it attached to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments.  All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other liens holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the Defendant-Titleholders in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, subject to redemption by Defendant pursuant to Ohio Rev. Code §2329.33.  In addition, an order for sale shall issue to the Master Commissioner, directing him to appraise, and advertise and sell the Property according to the law and the orders of this Court and to report his proceeds to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Following the sale of the Property, the proceeds shall be distributed in the following order of priority:

1. First, the Clerk of Courts shall be paid for all costs of this action;

2. Second, the Stark County Treasurer shall be paid for all unpaid taxes, assessments, interest, and penalties on the Property;

3. Third, The Plaintiff, shall be paid principal in the sum of $77,921.73, plus interest on the principal amount at the rate of 10.75% per annum from January 1, 2007, all late charges due under the Note and Mortgage, all advances made for all the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio Law;

4. Fourth, the balance of the proceeds, if any, shall be held pending further order of the Court.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Stark County Recorders and Clerk of Courts directing them to entered the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED.

DATE: August 24, 2007

s/ Sara Lioi
Judge SARA LIOI
UNITED STATES DISTRICT JUDGE